JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Kumiko Yoshida

(b) County of Residence of First Listed Plaintiff: San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS
University Club, Desmond Elder

County of Residence of First Listed Defendant: San Francisco
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

(5)  08-3275 EDL
E-filing

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | IMMIGRATION | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC section 2000e (5)

Brief description of cause:
Title VII of Civil Rights Act of 1964 for employment discrimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE: 7/8/08
SIGNATURE OF ATTORNEY OF RECORD: /s/ Kumiko Yoshida

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Kumiko Yoshida

              Plaintiff,

vs.

University Club, Desmond Elder

              Defendant(s).

CASE NO. CV 08 3275

**EMPLOYMENT DISCRIMINATION COMPLAINT**

1. Plaintiff resides at:

   Address  160 Portola Dr #205

   City, State & Zip Code  San Francisco, CA 94131

   Phone  925-389-1082

2. Defendant is located at:

   Address  800 Powell St.

   City, State & Zip Code  San Francisco, CA 94108

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is conferred on this Court by 42 U.S.C. Section 2000e-5. Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g).

4. The acts complained of in this suit concern:

   a. ___ Failure to employ me.

   b. ✓ Termination of my employment.

Form-Intake 2 (Rev. 4/05)        - 1 -

1  c. __ Failure to promote me.
2  d. __ Other acts as specified below.
3  _____
4  _____
5  _____
6  _____
7  _____
8  _____

9  5. Defendant's conduct is discriminatory with respect to the following:
10    a. ✓ My race or color.
11    b. __ My religion.
12    c. __ My sex.
13    d. __ My national origin.
14    e. __ Other as specified below.
15    _____

16  6. The basic facts surrounding my claim of discrimination are:
17  I started working for the University Club on July 21, 2003 as a dinner/banquet server while also working as
18  the Membership Director for a social networking club called Urban Diversion. I was hired as the new
19  Marketing Director by the new general manager, Desmond Elder on May 1, 2005. Mr. Elder was just hired 2
20  months prior. I accepted a lower salary of $51K on the agreement that I would have a review within 6 months.
21  My duties included increasing membership, member relations, member events, producing and designing
22  weekly and monthly newsletters. On August 30, 2005, Amor Cruz, Filipino, female, late 30's was terminated
23  as the Accountant after 7 years of employment. The reason the Club gave for her termination was to
24  outsource accounting procedures. However, Deborah Sears, Caucasian, female, late 40's (continued next pg)

25  7. The alleged discrimination occurred on or about March 19, 2007         .
26                                                      (DATE)
27  8. I filed charges with the Federal Equal Employment Opportunity Commission (or the
28  California Department of Fair Employment and Housing) regarding defendant's alleged

Form-Intake 2 (Rev. 4/05)                      - 2 -

(continued from previous page) was immediately hired as a liaison between the Club and the outsourced accounting. On December 1, 2005, Ms. Sears was hired as a permanent employee of the Club. At the time, Ms. Sears and Ms. Cruz had similar skill sets.

On November 1, 2005, I requested for my review of my salary, since at that time I had designed and implemented a successful new trial membership program that resulted in 58 new trial members. My request for a review was pushed back by Mr. Elder. I then offered an alternative compensation package to Mr. Elder that included compensation based on the number of new members and trial members that joined the University Club. Mr. Elder denied my request and I was given a flat salary increase of $7K in May 1, 2006.

On September 29, 2006, my assistant, Jane Gato, Filipino female in her 30's, was terminated. I requested for her to receive some marketing training, since she was recently placed in this new position. Prior Ms. Gato was accounts payable, but her position was discontinued when Ms. Cruz was terminated. The request to send Ms. Gato to receive marketing training was denied and she was terminated after being employed for over 5 years and was replaced by Sara Isenhour, Caucasian, early 20's on October 2, 2006.

In October 2006, my mother was diagnosed with terminal stomach cancer and was placed in the hospital. I continued to work at the University Club and continued with my duties to increase membership. In September 2006, we had 4 new members join. The same occurred in October 2006. In November 2006, we had 6 new members and 5 new members in December 2006.

On January 15, 2007, I requested for Family Medical leave since, I was the only family member in the Bay Area. My mother was released from the hospital and she requested to pass away at home My request was denied by Mr. Elder, but he did agree to allow me to telecommute from home periodically as long as I went into the office as necessary. I installed a pc at home on both my work and home computer so that I would have full access and able to continue working. On January 17, 2007, I went into the monthly scheduled Admssions meeting and 5 new members joined. During this time, I was also creating the weekly newsletter and having Ms. Isenhour send it to our members as well as the monthly newsletter. In February 2007, I went into the office on the 7th for New Member Orientation, 8th for CAFÉ, 13th for World Trade Club Reception, 14th Valentines Dinner, 21st Admissions where 5 new members joined, 22nd Tapas Night, and on the 26th for Family Dinner. Also in February 2007, the University Club set another assessment on the members and increased their dues which caused 87 members to resign, approximately 20% of our total membership. At the time of the assessment, I suggested to Mr. Elder to offer the members to bring in a new member and receive a rebate on the assessment. My suggestion was denied.

After my mother passed away, I made arrangements for my bereavement leave to take her ashes back to Japan. I was in Japan from March 6- 18th. On March 19, 2007, I returned to work. 2 hours later, I was summoned into Mr. Elder's office. Diana Whitehead, Board of Director was also present. Mr. Elder informed me that they had decided to go with someone with a different skill set. Except for one negative comment

that one of our members, Michelle Larson, complained that I could not get her an Access Athletic Pass, since that was only able to be accessed and issued by John Lau, Squash Professional, I had not known of any other negative comments about my work performance so this was a complete surprise. I did not receive any termination papers or have an exit interview.

On March 20, 2007, I filed with unemployment electronically and stated that the reason I was no longer working at the University Club was because I was laid off since they decided to go with someone with a different skill set.

On April 12, 2007, I received a letter from EDD that my claim was denied since I willingly falsified or withheld information why I was no longer working at the University Club.

April 17, 2007, filed an appeal to EDD.

May 29, 2007, attended the California Unemployment Insurance Appeals Board Hearing and stated my case.

June 4, 2007, received letter from EDD that the departments determination was reversed and that the claimant is not disqualified for benefits.

Between March and June 2007, Ms. Isenhour was promoted to new Marketing Director and sent to receive the marketing training I requested for Ms. Gato. Ms. Isenhour was also given the same salary compensation plan I requested.

The difference in skill set between myself and Ms. Isenhour is that I have over 10 years of marketing experience and she has less than 5 months. The other difference is our race.

When I was hired, there were three full time employed Asian females working in the office, Amor Cruz, Jane Gato and Larrisa Lorian, who I replaced as the new Marketing Director. By the time, I was terminated, there were 0 at the University Club.

1  discriminatory conduct on or about  May 18, 2007                .
2                                              (DATE)
3  9.     The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter
4  (copy attached), which was received by me on or about  April 9, 2008              .
5                                              (DATE)
6  10.    Plaintiff hereby demands a jury for all claims for which a jury is permitted:
7        Yes  ✓       No ____
8  11.    WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate,
9  including injunctive orders, damages, costs, and attorney fees.

11  DATED: *July 8, 2008*            *Kumiko Yulich*
12                                   SIGNATURE OF PLAINTIFF

14  *(PLEASE NOTE: NOTARIZATION*      Kumiko Yoshida
15  *IS NOT REQUIRED.)*               PLAINTIFF'S NAME
16                                   (Printed or Typed)

Form-Intake 2 (Rev. 4/05)           - 3 -

## DISMISSAL AND NOTICE OF RIGHTS

**To:** Kumiko Yoshida
160 Portola Drive, #205
San Francisco, CA 94131

**From:** San Francisco District Office
350 The Embarcadero
Suite 500
San Francisco, CA 94105

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 550-2007-01251 | Hannah Lai, Investigator | (415) 625-5664 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Michael Baldonado* 4-9-08

Enclosures(s)

Michael Baldonado,
Acting Director

*(Date Mailed)*

cc: University Club
c/o Francis J. Ortman, III
Seyfarth Shaw LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105